UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY E. STEVENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-72-ACL |
| | ) |
| RAYMOND BROWNLEE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Gregory E. Stevenson, an inmate at the Scott County Jail, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00 Additionally, for the reasons discussed below, the Court will dismiss the complaint without prejudice, and will deny as moot plaintiff's motion to appoint counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified copy of his inmate account statement, but based upon his averments in the instant motion, the Court has determined to assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard on Initial Review**

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the

2

elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Plaintiff initiated this civil action on April 30, 2021 by filing a complaint pursuant to 42 U.S.C. § 1983 against Assistant Public Defenders Delia Turner and Leslie Hazel; Assistant Prosecuting Attorneys Tabitha Blakely, Raymond Brownlee and Amanda Oshea; and Associate Circuit Judge Robert Horack. All of those individuals were involved in Missouri State court criminal proceedings in which plaintiff was being prosecuted for assault and resisting arrest. *See State v. Gregory Earl Stevenson,* No. 20SO-CR01206-01 (33rd Jud. Cir. 2020).

The case at bar is one of five civil actions plaintiff has initiated in this Court *pro se* and *in forma pauperis* since December 21, 2020. *See Stevenson v. Shaffer, et al.,* No. 1:20-cv-271-SNLJ (E.D. Mo. Dec. 21, 2020); *Stevenson v. Horack, et al.,* No. 1:21-cv-42-JMB (E.D. Mo. Mar. 23, 2021); *Stevenson v. Drury, et al.,* No. 1:21-cv-60-NCC (E.D. Mo. Apr. 16, 2021); and *Stevenson*

3

*v. Jackson, et al.*, No. 1:21-cv-106-SNLJ (E.D. Mo. Jul. 20, 2021). In those actions, plaintiff either challenged the conditions of his confinement, or as in the instant case, sued individuals involved in *State v. Stevenson* based upon alleged wrongdoing during the proceedings.

In the April 30, 2021 original complaint, plaintiff claimed Judge Horack violated his constitutional rights when he failed to recuse himself from plaintiff's case, and he claimed the defendants were conspiring to wrongfully prosecute and convict him. Referring to the defendants collectively, he alleged they

> very well knew that there [*sic*] conspiring to further[] a wrongful conviction or said harass Plaintiff with fabricated evidence that the officials very well know is illegal . . . there's a conspiracy further[ed] by the paper work to manipulate [plaintiff] with fabricated evidence in order to try to convict him. That's a violation of [plaintiff's] 6th and 14th Amendment Rights to the United States Constitution.

(ECF No. 1 at 6). He sought monetary relief.

On June 10, 2021, a jury convicted plaintiff of three misdemeanor counts of assault, and one felony count of resisting arrest. As of the date of this order, sentencing is scheduled for August 18, 2021.[1] Following his conviction, plaintiff filed an amended complaint in this matter, titled "Amended Complaint Civil Conspiracy," which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

### The Amended Complaint

Plaintiff filed the amended complaint against Judge Horack, "Doe Jury Commissioner," "Doe Assistant Circuit Clerk," and Brownlee, Blakely, and Turner. Plaintiff refers to Turner as his attorney, and review of the publicly-available state court records show that she is an Assistant

---

[1] This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

4

Public Defender who served as plaintiff's defense counsel in *State v. Stevenson.* Plaintiff avers he sues the defendants in their individual capacities.

Plaintiff references the defendants collectively, and claims they "conspired" to deprive him of a fair trial and "sysmatically [*sic*] excluded all Black individuals from the jury duty." (ECF No. 5 at 1). He claims the defendants had a "conspiracy agenda" to "secure a fabricated conviction." *Id.* at 4. Next, plaintiff claims Judge Horack "violated judicial canon by failing to disqualify himself." *Id.* at 1. Plaintiff states without support that Judge Horack lacked jurisdiction to preside over his trial, and chose to preside anyway "with a[n] inter[e]st and prejudice against plaintiff by excluding any and all Black [persons] from the jury" and empaneling an all-white jury. *Id.* at 1. Plaintiff explains that Judge Horack withdrew from his case after the preliminary hearing but was later reassigned to the case by the Missouri Supreme Court, and thereafter wrongfully failed to recuse himself.

Next, plaintiff claims Doe Jury Commissioner "performed the same procedures as Judge Horack by sysmatically [*sic*] excluding all blacks from jury duty," and he claims Doe Assistant Circuit Clerk "performed the master jury list by hand picking of 70 jurys [*sic*] 3 blacks and one Hispanic were excluding from [*sic*] even serving on the jury." *Id.* at 2. Plaintiff claims Brownlee and Blakely "did a 'Batson' challenge and excluded a black woman for cause, leaving only two Blacks on the jury panel." *Id.* Finally, plaintiff claims Turner failed to object to the composition of the jury, and exclude[ed] his defense witnesses." *Id.* Plaintiff claims the defendants' wrongdoing resulted in his wrongful conviction.

## Discussion

Plaintiff claims Judge Horack violated judicial canons when he failed to recuse himself, and he claims Judge Horack was prejudiced against him and wished to exclude black persons

5

from the jury. Plaintiff offers no factual enhancement for those allegations. Absent a factual underpinning, plaintiff's allegations amount to legal conclusions that are not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.").

Even if the Court presumed the veracity of plaintiff's allegations, his claims against Judge Horack would fail because judicial immunity would immunize him from suit. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) (because a judicial officer, exercising the authority in which he is vested, should be free to act upon his own convictions, judicial immunity immunizes judges from suit). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge has no immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc. v. Craighead County*, 931 F.3d 753, 760 (8th Cir. 2019) ("to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge"). Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462.

6

Here, plaintiff identifies Judge Horack's allegedly wrongful conduct as refusing to recuse himself from plaintiff's case, and presiding over plaintiff's trial. Those are actions normally performed by judges, and it is apparent Judge Horack's allegedly wrongful conduct occurred while plaintiff was dealing with him in his judicial capacity. Review of the records in *State v. Stevenson* fails to show Judge Horack took judicial action during a time he was not the duly-appointed judge, and there is no indication that Judge Horack took any action in plaintiff's case in the absence of jurisdiction.[2] It is therefore apparent the complained-of acts were judicial acts taken with proper jurisdiction. Judge Horack is therefore immune, and plaintiff's suggestion of improper motives cannot overcome the immunity. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) (Judicial immunity applies even when the judge is accused of acting maliciously or corruptly); *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) ("judicial immunity is not overcome by allegations of bad faith or malice").

Next, plaintiff claims that defendant "Doe Jury Commissioner" "performed the same procedures as Judge Horack by sysmatically [sic] excluding all blacks from jury duty," and defendant "Doe Assistant Circuit Clerk" "performed the master jury list by hand picking of 70 jurys [sic] 3 blacks and one Hispanic were excluding from [sic] even serving on the jury." (ECF No. 5 at 2). Plaintiff also claims prosecuting attorneys Blakely and Brownlee excluded a black venireperson for cause. Again, plaintiff's allegations lack a sufficient factual underpinning, and are therefore not entitled to the presumption of truth. *See Wiles*, 280 F.3d at 870.

---

[2] According to the publicly-available records on Missouri Case.net, Judge Horack served as the presiding judge in plaintiff's case until he granted plaintiff's motion for change of judge on October 5, 2020. A hearing that had previously been scheduled for October 20, 2020 before Judge Horack was then canceled and reset for October 22, 2020 before Judge Pearson. Later, on January 25, 2021, the Missouri Supreme Court assigned Judge Horack to again serve as the presiding judge in plaintiff's case. On March 8, 2021, Judge Horack denied plaintiff's *pro se* motion for change of judge because it had not been filed by counsel. Judge Horack also denied plaintiff's subsequent motions seeking a change of judge and a change of venue, and presided over plaintiff's June 10, 2021 trial. *See State v. Stevenson*.

Even if the Court presumed the veracity of plaintiff's allegations, they would not state a plausible jury-selection equal protection claim. Plaintiff does not claim the prosecutors made discriminatory use of any peremptory challenges, nor does he demonstrate that any phase of the juror selection process was susceptible to abuse or not racially neutral. Instead, he claims minorities were excluded, and speculates that must have been discriminatory. That is insufficient. *See Floyd v. Garrison,* 996 F.2d 947, 949 (8th Cir. 1993) (setting forth three requirements a plaintiff must meet to establish a *prima facie* equal protection violation).

Additionally, prosecutorial immunity would bar his claims against Blakely and Brownlee. Prosecutors are immune from § 1983 liability so long as the complained-of acts fall within the scope of prosecutorial duties. *Price v. Moody,* 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin,* 638 F.2d 1121, 1122 (8th Cir. 1980). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Brodnicki v. City of Omaha,* 75 F.3d 1261, 1266 (8th Cir. 1996). "Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury,* 836 F.3d 913, 916 (8th Cir. 2016). Absolute immunity "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer,* 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodworth,* 891 F.3d at 1089 ("a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

Here, despite the conclusory nature of plaintiff's allegations, it is apparent he seeks to recover from Blakely and Brownlee for acts they committed in the course of pursuing a criminal prosecution and advocating for the government in presenting the State's case at trial. Therefore,

8

the prosecutorial acts complained of here occurred, if they occurred at all, within the scope of Blakely and Brownlee's prosecutorial duties. They are therefore immune from liability, and plaintiff's suggestion of improper motives cannot overcome immunity. *See Sample*, 836 F.3d at 916 (prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions").

Next, plaintiff claims Turner, his court-appointed attorney, is liable to him because she failed to object to the composition of the jury and excluded his defense witnesses. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, despite the conclusory nature of plaintiff's allegations, it is clear Turner's complained-of conduct fell within the scope of the traditional functions of counsel. Having thoroughly reviewed and liberally construed plaintiff's allegations against Turner, the Court concludes they cannot form the basis of a § 1983 claim because attorneys, whether appointed or retained, do not act under color of state law when performing traditional functions as counsel. *See Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992); *see also Polk County v. Dodson*, 454 U.S. 312 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) ("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

Plaintiff also claims the defendants conspired to deprive him of a fair trial, and/or to exclude black persons from the jury to secure a fabricated conviction. Allegations of conspiracy

can form the basis of a § 1983 claim. To demonstrate the existence of a conspiracy in support of such a claim, a plaintiff must allege, *inter alia*, a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Burton v. St. Louis Bd. of Police Commissioners*, 731 F.3d 784, 798 (8th Cir. 2013) (quoting *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)). Here, plaintiff alleges no facts in support of his conspiracy claim, much less facts showing a meeting of the minds among the conspirators sufficient to support the conclusion they reached an agreement to violate plaintiff's federally-protected rights. Absent such facts, plaintiff fails to state a claim for conspiracy under 42 U.S.C. § 1983.

Moreover, it is apparent that plaintiff's conspiracy claim, and in fact the other claims in the amended complaint, are premised upon his belief that the defendants are liable to him for causing him to be wrongfully convicted. To the extent plaintiff seeks damages from any defendant for causing his wrongful conviction, such claim is barred by *Heck v. Humphrey* because judgment in plaintiff's favor on such a claim would necessarily imply the invalidity of his conviction, and plaintiff has not shown that his conviction has been invalidated. 512 U.S. 477, 486-87 (1994). Finally, to the extent plaintiff seeks to have his conviction vacated or expunged, such claims must be brought pursuant in an action filed pursuant to 42 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

After carefully reading and liberally construing the amended complaint, the Court concludes the claims plaintiff intends to bring are neither plausible nor viable under 42 U.S.C. § 1983. The Court cannot envision an amendment to the amended complaint that would cause it to state a claim upon which relief may be granted. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this _12th_ day of August, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE